COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

WILLIAM F. DRAPER

v.   Record No. 2057-96-1                  MEMORANDUM OPINION[*]
                                              PER CURIAM
GOODWILL INDUSTRIES OF                     JANUARY 21, 1997
 HAMPTON ROADS, INC. AND
 INSURANCE COMPANY OF NORTH AMERICA

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William F. Draper, pro se, on briefs).

            (Patricia C. Arrighi; Law Offices of E. Wayne
            Powell, on brief), for appellees.


    William F. Draper (claimant) contends that the Workers'

Compensation Commission (commission) erred in refusing to hold

Goodwill Industries of Hampton Roads, Inc. (employer) responsible

for the cost of medical treatment rendered to claimant by Dr.

J. Howard Shegog.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

    On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proving that Dr. Shegog's medical

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

treatment was causally related to claimant's compensable September 6, 1994 back injury, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant medical benefits for treatment rendered by Dr. Shegog, the commission made the following findings:

> The claimant carries the burden of establishing the causal nexus between his injury by accident and the medical treatment for which payment is sought. He has not met this burden here. There is nothing in the medical record of Dr. Shegog to establish that the treatment rendered or prescribed by him was causally related to the accident. His treatment focused on complaints of left flank and buttock pain. Dr. Shegog in no way links these complaints to the claimant's compensable back injury.
>
> Moreover, Dr. [Richard] Easton very clearly states that the complaints for which he treated the claimant were related to osteoarthritis and degenerative joint disease. Dr. Easton opined that these same complaints were not related to the accident. Therefore, to the extent that he referred the claimant for treatment by Dr. Shegog, he did so for unrelated arthritic complaints.

The medical records and opinions of Drs. Shegog and Easton support the commission's findings. Based upon the lack of any persuasive medical evidence establishing a causal connection between claimant's compensable September 6, 1994 back injury and Dr. Shegog's treatment, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.[1] Accordingly,

---

[1] In rendering our decision, we did not consider any evidence which was not before the commission when it rendered its decision.

we affirm the commission's decision.

                                    Affirmed.